UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLO Q. JONES, Booking #19750426, <br><br> Plaintiff, <br><br> vs. <br><br> CHIEF DAVID LISLEIT; OFFICER CAIRESDON; OFFICER DUDLEY, <br><br> Defendants. | Case No.: 3:19-cv-01800-MMA-WVG <br><br> **ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS;** <br><br> **[Doc. No. 2]** <br><br> **DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) AND 28 U.S.C. § 1915A(b)** |

Plaintiff Marlo Jones, while detained at the San Diego Central Jail ("SDCJ") in San Diego, California, and proceeding *pro se*, filed a civil rights Complaint ("Compl.") pursuant to 42 U.S.C. § 1983. *See* Compl., Doc. No. 1. Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* Doc. No. 2.

**II.     Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of

$400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

In support of his IFP Motion, Plaintiff has submitted a prison certificate certified by a San Diego County Sheriff's Department Deputy, together with a copy of his Inmate Trust Account Activity. *See* Doc. No. 2 at 4, 6; 28 U.S.C. § 1915(a)(2); S.D. Cal. CivLR

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

2

3:19-cv-01800-MMA-WVG

3.2; *Andrews*, 398 F.3d at 1119. These statements show that Plaintiff had $0.00 on the books at the time of filing. *See* Doc. No. 2 at 4.

Based on this accounting, the Court assesses no initial partial filing fee pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1). *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (Doc. No. 2), declines to exact any initial filing fee because his trust account statements show he has "no means to pay it," *Bruce*, 136 S. Ct. at 629, and instead directs the Watch Commander at the SDCJ, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A**

    A.     <u>Standard of Review</u>

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th

Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir.

4

2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

  B. <u>Plaintiff's Allegations</u>

  On August 12, 2019, Plaintiff was "standing at the curb about to head to the bus stop" when he "noticed 2 San Diego police squad cars as they flashed their bright light" in Plaintiff's face. Compl. at 3. A few minutes later, a police car "pulled right up" in front of Plaintiff. *Id.* A police officer in the car asked Plaintiff if he "heard gun shots." *Id.* Plaintiff "angrily told him no." *Id.* Defendant Cairesdon, a San Diego Police Officer, had gotten out of the car and told Plaintiff to "shut up and turn around." *Id.* Cairesdon and his partner "began to search" Plaintiff. *Id.* They took Plaintiff's wallet out of his back pocket, removed his identification card, "and ran [his] name for warrants." *Id.*

  When Cairesdon found Plaintiff had a Fourth Amendment waiver, "his demeanor began to change and he stated he was going to call [Plaintiff's Parole Officer] and tell him [Plaintiff] wasn't cooperative." *Id.* Cairesdon and his partner drove Plaintiff to the San Diego Police Department headquarters while "repeatedly" calling Plaintiff a "gangster." *Id.* Plaintiff alleges he was never read his *Miranda* rights. *Id.* Plaintiff further claims that he was left in the patrol car for an hour and a half when he "began to scream" that he needed water and "couldn't breathe due to the heater being on in the car." *Id.* at 3-4. An officer came to the car and asked Plaintiff to "put [his] pants on" but Plaintiff refused. *Id.* at 4. The officer placed Plaintiff's pants into a "property bag." *Id.* Cairesdon came to the car and the other officer informed him that Plaintiff "tried to spit at him" which Plaintiff denied. *Id.*

  Cairesdon then "pulled [Plaintiff] by the dreadlocks" to the ground. *Id.* Defendant Dudley, a San Diego Police Officer, "watched while other officers rushed to put a spit bag over [Plaintiff's] face. Plaintiff alleges that the charges against him "were eventually dropped." *Id.* at 6.

5

Plaintiff seeks unspecified injunctive relief against Defendants, along with $600,000 in compensatory and punitive damages. *Id.* at 8.

### C. Respondeat Superior

As an initial matter, it appears that Plaintiff is seeking to hold San Diego Police Chief David Nisleit liable in his supervisory capacity. *See* Compl. at 1. Plaintiff alleges no specific factual allegations pertaining to this Defendant in the body of the Complaint itself.

Moreover, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993). "Because vicarious liability is inapplicable to ... § 1983 suits, [Plaintiff] must plead that each government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 at 676; *see also Jones v. Community Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even *pro se* plaintiffs must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim).

Accordingly, the Court **DISMISSES** all claims alleged against Defendant Nisleit for failing to state a claim upon which relief may be granted.

### D. Fourth Amendment claims

The Fourth Amendment prohibits "unreasonable searches and seizures," and "reasonableness is always the touchstone of Fourth Amendment analysis." *Birchfield v. North Dakota,* 136 S. Ct. 2160, 2186 (2016). Reasonableness is generally assessed by carefully weighing "the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." *Tennessee v. Garner,* 471 U.S. 1, 8 (1985) (internal quotation marks omitted); *Cty. of Los Angeles, Calif. v. Mendez*, 137 S. Ct. 1539, 1546 (2017); *Zion v. Cty of Orange*, 874 F.3d 1072, 1075 (9th Cir. 2017) (citing *Graham v. Connor*, 490 U.S. 368, 388 (1989)).

First, the Court finds that Plaintiff's pleading offers no "factual content that allows the court to draw the reasonable inference" that any individual person acted unlawfully under the circumstances. *See Iqbal*, 556 U.S. at 678 (noting that while Plaintiff need not plead "detailed factual allegations," in order to state a plausible claim for relief, he must provide "more than … unadorned, the-defendant-unlawfully-harmed-me accusations.") (citation omitted); *see also Hopkins v. Bonvicino*, 573 F.3d 752, 770 (9th Cir. 2009) (discussing "integral participant" doctrine in context of Fourth Amendment excessive force claims); *Blankenhorn v. City of Orange*, 485 F.3d 463, 481 n. 12 (9th Cir. 2007).

Second, in order to state a Fourth Amendment claim of excessive force under 42 U.S.C. § 1983, Plaintiff must allege facts to plausibly show that each person acting "under color of state law" violated his Fourth Amendment rights by using force which was excessive given: "(1) the severity of the crime at issue, (2) [consideration of] whether the [plaintiff] pose[d] an immediate threat to the safety of the officers or others, ... (3) whether he [was] actively resisting arrest or attempting to evade arrest by flight," and any other "exigent circumstances [that] existed at the time of the arrest." *Chew v. Gates*, 27 F.3d 1432, 1440-41 & n.5 (9th Cir. 1994) (citing *Graham*, 490 U.S. at 396); *see also Brosseau v. Haugen*, 543 U.S. 194, 197 (2004). Here, the Court finds that Plaintiff's Complaint lacks sufficient specific factual allegations to support any the necessary elements of a Fourth Amendment claim.

## III. Conclusion and Orders

Based on the foregoing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2).

2. **DIRECTS** the Watch Commander of the SDCJ, or his designee, to collect from Plaintiff's inmate trust account the $350 filing fee owed in this case by garnishing monthly payments in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST

BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

4. **DISMISSES** Plaintiff's Complaint for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b), and **GRANTS** him thirty (30) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete by itself without reference to his original pleading. Defendants not named and any claim not re-alleged in his Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

5. **DIRECTS** the Clerk of Court to mail Plaintiff a court-approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

DATE: October 8, 2019

_____
HON. MICHAEL M. ANELLO
United States District Judge