# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLO Q. JONES,<br><br>                      Plaintiff,<br><br>vs.<br><br>CHIEF DAVID LISLEIT, et al.,<br><br>                      Defendants. | Case No.: 3:19-cv-01800-MMA-WVG<br><br>**ORDER DISMISSING CIVIL ACTION** |

Plaintiff Marlo Q. Jones, while housed at the San Diego County Jail, and proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 18, 2019. *See* Compl., Doc. No. 1.

**I.    Procedural History**

On October 8, 2019, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP"), but dismissed his Complaint for failing to state any claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). *See* Doc. No. 5. Plaintiff was advised of his pleading deficiencies and granted thirty (30) days leave in which to file an Amended Complaint that fixed them. *See id.* at 5-8. Plaintiff was also cautioned, however, that if he failed to file an Amended Complaint that cured his pleading defects, the Court would dismiss his case. *See id.* at 8 (citing *Lira v. Herrera,* 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the

opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff's Amended Complaint was due on or before November 8, 2019. But to date, Plaintiff has not filed an Amended Complaint, and has not requested an extension of time in which to do so. "The failure of the plaintiff eventually to respond to the court's ultimatum – either by amended the complaint or by indicating to the court that [he] will not do so – is properly met with the sanction of a Rule 41(b) dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II. Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety without prejudice based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute pursuant to Fed. R. Civ. P. 41(b) in compliance with the Court's October 8, 2019 Order.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATED: April 1, 2020

HON. MICHAEL M. ANELLO
United States District Judge